This is an iVction upon the Case for an Escape upon mesn Process A Verdict is found for the Pit. but this Point was reserved to be argued whether Pitchford the Prisoner who escaped was so delivered by Winn the old Sherif (in whose *B186 Time he was first committed) to the Deft, the now Sherif as to make the Deft, chargeable for this Escape
The Case is thus the Day the Deft, was sworn Winn the old Sherif brought the keys of the Prison into the Court House where the Deft, was & laid them upon the Table saying there were two Prisoners in Goal Upon which the Deft took up the Keys Pitchford was one of these Prisoners & remained in Goal 61 Days afterwards during w’ch Time he was fed by the Defts. Order till he broke Prison
It is clear from these Circumstances the Deft, had Pitchford [174] in his Custody at the Pits. Suit But it will be objected I suppose that the old Sherif ought to have delivered him over to the Deft, by Indenture Without which in Judgment of Law the Prisoner is not in Custody of the now Sherif And
I agree this is a formal Circumstance required by Law in some Cases that is where Prisoners are in Execution I call it a formal Circumstance because it seems to have no Foundation in natural Justice for if the Prisoner be really delivered & the new Sherif has him in Custody & knows for what Cause There can be nothing sayed why in Reason he ought not to be chargeable for his Escape as much as if he was delivered over by Indenture However I must allow this Ceremony is made necessary by our Law but then it is only as I sayed where Prisoners are in Exon
I must own upon the best Search & Enquiry I have been able to make I do not find any Case where it is expressly & in Point resolved that Prisoners not in Exon need not be turned over by Indenture But there are sev’l Cases where by necessary Inference I conceive the Law must be taken to be so And the Reason why we do not find it expressly resolved may be because it is a well known settled Point & so has never been brought in Question
Sr. Thomas Reeds Case 2. Ro. 116 who was indicted for suffering a Prisoner attainted of Felony to escape An Exception was taken to the Indictment that it did not appear he had the Custody of the Prisoner by Indenture & then he ought not to be charged for his Escape But it was held if the Sherif took upon him the Custody of the Prisoner without Delivery by Indre & suffer him to escape he may be indicted because it is the Suit of the King the Case says This is an Instance where a Sherif may be chargeable for an Escape tho’ the Prisoner be not delivered by Indenture and proves that Circumstance is not always necessary
*B187 King ag’t Sir Eusebie Andrews Cro. Jac. 380. One Burdet was arrested upon a Latitat at the Pits. Suit by Sir John Iseham the old Sherif & by him in exitu ah officio left in Prison & delivered to the Deft, who suffered him to escape And without Argument it was adjudged for the Pit. Here was no Delivery by Indre the Prisoner was only left in Prison The Case is somewhat obscurely reported and the Manner of Delivery does not seem to be directly brought in Question but' we may presume it would have been insisted on if a Delivery by Indre had been necessary And the Decision of the Case without Argument makes the Inference very strong that the Law was clear & settled in every Point that could be insisted on Vide Dalt. 16. Notice by Word if accepted suffic’t
Mr. Dalton in his Office of Sherif & all other Authors I have read on this Subject say the old Sherif must assign over by Indenture all Writs not executed by him & the Bodies of Prisoners in Exon Now if Prisoners not in Exon were also to be so assigned the Distinction would be useless 8c we should be told [175] that all the Prisoners in the Prison must be so assigned All the Cases I have ever read upon this Subject are where the Prisoners were in Exon which I think is a pretty Strong Argument on my Side since it is reasonable to suppose there have been Instances enough of Prison’rs not in Exon turned over from one Sherif to another that have afterwards escaped And consequently this Point would have come in Question if it had not been clear & settled as I sayed If there is no judicial Resolution and I am pretty sure there is not nor any Author who expressly says a Delivery by Indre is necessary where Prisoners are not in Exon since it must be allowed to be only a meer Piece of Ceremony I hope it will be carried no further than the Cases carry it
Another Argument I draw from the Form of the Indenture from one Sherif to another which we find in the Books Dalt. 13. In which there is no Mention made of any but Prisoners in Exon Now if it was usual or necessary to assign those not in Exon we should certainly find the Form & Manner how they should be recited in the Indre as well as those in Exon An Argum’t from Precedents is very frequent in our Books & Sr. E. Coke says is of great weight in the Law and will be so much the greater in this Case as the Precedents are consistent with what all the Authors who treat on this Subject say they speaking only of Prison *B188 ers in Exon which would be a needless Distinction as I have observed if all Prisoners were in the same Predicament as to this Matter
It may be difficult to assign a Reason why the Ceremony is requisite in one Case more than the other but it is as difficult to give a solid Reason why it is requisite at all The principal one given in the Books is because the new Sherif without Notice what Prisoners are in Goal & for what Cause will not know whether it be lawful for him to detain them or when he may discharge them. But if he has such Notice without Indenture the End & Intention of the Law in requiring an Indre is answered And yet it is certain the new Sherif is not chargeable for Prisoners in Exon unless they are assigned by Indre to him All that can be sayed is that it is a meer formal Circumstance that has obtained its Force from long Usage & Custom And being nothing more than a Piece of Ceremony ought not to be carried further than to those Cases where the Law is clear & express And I am sure it is not so in this Case but the contrary may be rather inferred If then this Case is to be determined upon the Reason of the thing & the Principles of Natural Justice Since one of the Sherifs must be liable to the Pits. Action I shall submit whether the old Sherif who was in no Fault having given the Deft, suffic’t Notice Or the Deft, the now Sherif who actually had the Prisoner in Custody a long time & then suffered him to escape ought to be chargeable
On the other Side were cited Dalt. Edit. 514. 3. Rep. 71. [176] Westbies Case Pop. 85. S. C. 1. Sid. 335. Hanmer a Warner & Keb. 224. S. C. & 1. Sal. 272. Watson a Sutton. And insisted there was no Difference whether the Prisoner was in Execution or not that an Assignment by Indenture was necessary in all Cases And so was the Opinion of the whole Court
Note. Sev’l were of Opinion the Action would not lie ag’t either Sherif unless it appeared that the Escape was thro’ the Sherifs Negligence.